# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE MATTHEW MORRIS III,<br><br>         Petitioner,<br><br>    v.<br><br>MICHAEL SMELOSKY, Warden,<br><br>         Respondent. | Civil No.   08cv2106-JAH (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted by United States Magistrate Judge William McCurine, Jr, pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.     INTRODUCTION

Theodore Matthew Morris III (hereinafter "Petitioner"), a state inmate proceeding *pro se*, challenges the legality of his conviction in a petition for Writ of Habeas Corpus (Motion in Opposition to Dismiss ("Opp.") at 1). Michael A. Smelosky, Warden of Centinela State Prison (hereinafter "Respondent"), has submitted a Motion to Dismiss the Petition and asks this Court to dismiss the petition as time barred under 28 U.S.C. § 2244(d)(1). (Motion to Dismiss Petition ("Mot.") at 4-5). Petitioner then filed a motion in opposition to dismiss petition. Based on the

documents presently before the Court and for the reasons stated below, the Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED.**

## II. STATEMENT OF FACTS

On May 2, 2005, Petitioner entered pleas of guilty to gross vehicular manslaughter[1] (Lodgment 1 at 4), and to hit and run with injury.[2] *Id.* (case number SCE244153).

On June 14, 2005, Petitioner was sentenced to fifteen-years to life for the crime of gross vehicular manslaughter while intoxicated, and eight months for hit and run with injury. (Lodgment 1 at 60).

On August 13, 2005 the conviction became final. Cal. R. Ct. 8.308(a). (Mot. at 4).

**On August 14, 2005, the one year statute of limitations commenced for purposes of The Antiterrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2244(d).**[3] (Mot. at 4).

On March 12, 2006, Petitioner claims he sought the production of his case file from his court appointed attorney. (Opp. at 4).

On August 13, 2006, the one year statute of limitations allowed under 28 U.S.C. §2244(d) expired, however, Petitioner had not filed any appeal before this closing date. (Mot. at 4).

On August 30, 2006, Petitioner claims to have received his case-file originally sought on March 12, 2006 (163 days elapsed between Petitioner's first request and the actual production of documents). (Opp. at 5).

On September 6, 2006, Petitioner filed his first appeal in California Superior Court seeking a writ of error *coram nobis*.[4] (case number EHC545) (Mot. at 1).

On November 3, 2006, the California Superior Court denied Petitioners *coram nobis* petition as untimely. (case number EHC545) (Lodgment 1 at 63).

---

[1] Cal. Penal Code § 191.5 (West 2008).

[2] Cal. Veh. Code § 2001(a) (West 2008).

[3] *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (applying FRCP 6(a) to compute the time at which the statute of limitations commences under the AEDPA).

[4] Unless otherwise indicated, the constructive filing date for Petitioner is determined under the "prison mailbox rule," which provides the date of filing for a *pro se* prisoner's Petition for Habeas Corpus shall be the date on which the prisoner gave the petition to prison officials for mailing. *Jenkins v. Johnson,* 330 F.3d 1146, 1149, fn. 2 (9th Cir. 2003).

1       On December 2, 2006, Petitioner filed an appeal of the California Superior Court decision in
2 the California Court of Appeal (Lodgment 1 at 67).
3       On June 7, 2007, the California Court of Appeal affirmed the Superior Court decision
4 denying Petitioner's claim for *coram nobis* (case number SCE244153) (Lodgment 4).
5       On February 6, 2008, Petitioner filed a writ of *habeas corpus* in the California Supreme
6 Court. (case number S160802) (Lodgment 5 at 1).
7       On July 16, 2008, the Supreme Court of California denied the petition. (case number
8 S160802) (Lodgment 6).
9       **On October 8, 2008, Petitioner filed a petition for *habeas corpus* in the United States**
10 **District Court for the Southern District of California. (Mot. at 2).**
11       On February 13, 2009, Respondent filed the Motion to Dismiss Petition. (Mot. at 1).
12       On March 17, 2009, Petitioner filed his Opposition to Motion to Dismiss Petition. (Opp. at
13 6).

### III.    SUMMARY OF CLAIMS

15       Respondent's Motion to Dismiss, filed February 13, 2009, argues Petitioner's motion for
16 Writ of Habeas Corpus is barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1).
17 (Mot. at 4). Both parties agree that Petitioner did not file his first post-conviction motion for relief
18 until September 6, 2006, twenty-four days after the statute of limitations had expired. *Id.* at 4.
19 Respondent argues Petitioner is not entitled to either statutory or equitable tolling of the limitations
20 period. *Id.* at 4-7.

21       Petitioner contends he is entitled to both statutory and equitable tolling. Petitioner states that
22 as an appellant, he is entitled to "one full round of review."[5] (Opp. at 3). Petitioner further contends
23 the time which is required to complete "one full round of review" at the state level should be
24 statutorily tolled. *Id.* Additionally, Petitioner argues he is entitled to equitable tolling from August
25 13, 2006. *Id.* at 4. In support of this contention, Petitioner states he diligently sought access to his
26 files which were in the possession of his court appointed trial counsel. *Id.* at 5. Petitioner states he
27 sought access to these files from March 12, 2006 to August 22, 2006, and his inability to access

---

[5] *Carey v. Saffold* 536 U.S. 214, 222 (2002).

these files prevented him from filing the petition in a timely fashion. *Id.* In the alternative, Petitioner argues that even if he is not entitled to statutory or equitable tolling, he should be allowed to proceed with his *coram nobis* claim under the "actually innocent" standard.[6]

On August 13, 2005, Petitioner's conviction became final. (Mot. at 4). On September 6, 2006, Petitioner filed an appeal of his trial decision in the California Superior Court (Mot. at 1), twenty-four days after the close of the statute of limitations. On, November 3, 2006, the California Superior Court denied Petitioner's motion as untimely, citing *In re Sanders,* 21 Cal.4th 770, 778 (1999) (collateral challenges must be raised in a timely fashion) (*overruled on other grounds by Stogner v. California*, 539 U.S. 607 (2003) (Lodgment 1 at 64). The court also held Petitioner had not sufficiently pointed to specific circumstances which prevented him from timely filing. *In re Swain,* 34 Cal.2d 300 (1949) (holding that, if an appellant files a late collateral attack, he must sufficiently explain the reasons for its tardiness) (Lodgment 1 at 64). The court noted that there had been a delay of fifteen months between his sentencing and his appeal, that Petitioner was aware of his present claim at the time of sentencing, and that he had not sufficiently explained the reason for the tardiness of the appeal. (Lodgment 1 at 65).

The court held Petitioner was not due relief under his petition for *coram nobis* because "[m]ere advice and persuasion or the expression of matters of opinion by his own attorney will not suffice to vitiate the plea." *People v. Gilbert,* 25 Cal.2d 422, 433 (1944) (Lodgment 1 at 65). The court stated, even if false representations had been made to Petitioner by defense counsel about the length of his sentence, the misrepresentations would be immaterial because vehicular manslaughter while intoxicated (when the defendant has prior driving under the influence convictions) carries with it a mandatory sentence of fifteen-years to life.[7] (Lodgment 1 at 65-66). Additionally, the court found Petitioner had been advised of this fact before his guilty plea. (Lodgment 1 at 65). The court then denied both the petition for *habeas corpus* and the petition for *coram nobis*. *Id.*

---

[6]*Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner's claim is entirely without merit as he has failed to produce even one piece of new evidence to support a claim for relief, under the "actually innocent" standard.

[7]CAL. PENAL CODE § 191.5 (West 2008). Petitioner had been convicted twice before for DUI. CAL. VEH. CODE § 23152. (Lodgment 1 at 5).

-4-

On December 2, 2006, Petitioner appealed the decision of the California Superior Court denying his appeal to the California Court of Appeal (case number SCE244153) (Lodgment 1 at 63). On April 18, 2007, appointed counsel filed a brief on behalf of Petitioner asking the court to review the record for error, which if resolved favorably to the appellant, would result in reversal or modification of the judgment. *People v. Wende,* 25 Cal.3d 436, 44-42 (1979).  Appointed counsel also provided possible matters for review by the court as permitted by *Anders v. California,* 386 U.S. 738 (1967) (Lodgment 2 at 6-9). These matters included: (1) whether the trial court abused its discretion in denying the petition for a writ of *coram nobis*; (2) whether Petitioner was denied effective assistance of counsel when he entered the guilty plea; (3) whether the trial court erred in imposing consecutive sentences in light of *Blakely;* and (4) whether the trial court should have stayed the sentence on the hit and run conviction. (Lodgment 4 at 3). After reviewing the record pursuant to *Wende* and *Anders,* the Court of Appeals could not find any arguable appellate issue, and affirmed the decision below. *Id.*

On February 6, 2008, Petitioner filed an appeal with the California Supreme Court. (Lodgment 5 at 1).  On July 16, 2008, the Supreme Court denied the petition for *habeas corpus* in an unreasoned decision. (Lodgment 6).  On March 17, 2009, Petitioner filed the instant petition in the District Court for the Southern District of California. (Opp. at 6).  Petitioner argues he entitled to statutory and equitable tolling. In support of his argument for statutory tolling, Petitioner asserts he is due "one full round" of review in State court to be statutorily tolled pursuant to *Carey* 536 U.S. at 222. (Opp. at 4).  Additionally, Petitioner contends he is due equitable tolling of the statutory period because his attorney did not timely respond to his requests for his case-file, thereby preventing defendant from timely filing his appeal. (Opp. at 4-5).

### IV.  STANDARD OF REVIEW

The AEDPA created a one-year statute of limitations for filing a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. §2244(d) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
>
> > (A) the date on which judgment became final by the *conclusion of direct review* or the expiration of the time for seeking such review

      (emphasis added);

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Statutory Tolling

The time during which a properly filed application for state post-conviction relief or other collateral review is pending is not counted toward the one-year statute of limitations that applies to an application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(2). Accordingly, AEDPA's statute of limitations is tolled for all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to a particular post-conviction application; and the statute of limitations remains tolled during intervals between the state court's disposition of a state habeas petition and the filing of an appeal or petition at the next state appellate level. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999)(quoting and adopting the holding in *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999)).

If a petitioner chooses to invoke the original habeas jurisdiction of the California courts and files a new habeas petition at each level, the application for habeas review is pending during the time between those filings as long as they were filed within a "reasonable time" after denial at the lower level, as that term is defined under California law. *Carey,* 536 U.S. 214 (2002).

A petitioner is not entitled to statutory tolling, however, between the conclusion of one round of state collateral review and the start of a subsequent round of state collateral review, unless the subsequent round of review is "limited to an elaboration of the facts relating to the

claims in the first petition." *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003). In which case, the new round is considered part of the first full round of review. *King v. Roe*, 340 F.3d 821 (9th Cir. 2003).

Further, the period during which an application for post-conviction review is pending is not tolled merely because a petitioner filed an additional or overlapping petition before the initial application is complete. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003). Rather, the subsequent petition triggers an entirely separate round of review in which the petitioner is not entitled to tolling during any gap between the completion of the original round of review and the commencement of another round of state habeas review. *Id.* (adopting the holding in *Biggs*, 339 F.3d at 1048).

## B. Equitable Tolling

The Ninth Circuit has held AEDPA's one-year statute of limitations is also subject to equitable tolling. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998)). This Court reviews *de novo* whether equitable tolling should be applied to the statute of limitations. See *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). However, the Ninth Circuit in *Beeler* noted "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.*(quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418. (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Thus, the burden is on Petitioner to show the "extraordinary circumstances" he has identified were the cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). Further, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, equitable

tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

## V.    DISCUSSION

### A. The Petition is Not Timely

Petitioner contends he is entitled to statutory tolling because he has not been provided with "one full round of review." *Carey,* 536 U.S. at 222. Additionally, Petitioner seeks equitable tolling claiming that he was denied access to his case-file due to the actions of his court appointed attorney. (Opp. at 5). Petitioner contends that had he been timely provided with his case file, he would have been able to file an appeal within the statutory window. *Id.*

Respondent's Motion to Dismiss, filed February 2, 2009 argues Petitioner's motion for Writ of Habeas Corpus is barred because it was not filed within one year after entry of the final verdict as required by 28 U.S.C. § 2244(d). (Mot. at 4). The statute of limitations began to run on August 14, 2005, and expired on August 13, 2006. However, Petitioner did not file his first post-conviction appeal until September 6, 2006, twenty-four days after the limitations period expired. Thus, absent tolling, the instant federal Petition, filed on October 8, 2008, is untimely.

### B. No Statutory Tolling

The statute of limitations applied to an application for a writ of habeas corpus in federal courts is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). Specifically, the statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 fn. 3 (9th Cir. 2008). The time between a lower state court's determination and the filing of a notice of appeal to a higher state court is considered to be "pending," provided filing of the notice to appeal is timely under state law. *Carey*, 536 U.S. 214. An application for state post-conviction relief or collateral review is "properly filed" (as required to toll the period for filing a federal habeas petition) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4 (2000). A state post-conviction petition that cannot be initiated or considered due to the failure to include a timely claim is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Further, a federal habeas corpus

petition is not an "application for state post-conviction or other collateral review" within the meaning of AEDPA's tolling provision. *Duncan v. Walker*, 533 U.S. 167 (2001).

In the present case, Petitioner's verdict became final for the purposes of 28 U.S.C. § 2244(d) on August 13, 2005. (Mot. at 4). On August 14, 2005 the statute of limitations began to run, and on August 13, 2006 the one year statute of limitations expired. *Id.* Petitioner, however, did not file his first appeal until September 6, 2006, twenty-four days after the statute of limitations had closed. *Id.* Petitioner mistakenly contends he is entitled to "one full round" of review pursuant to *Carey*. The rule in *Carey* tolls the running of the one-year statute of limitations while the appeal is "pending" before the state court. *Carey,* 536 U.S. at 222. However, Petitioner did not file his first petition for relief until after the close of the statutory period, thus he had no petition before a state court to toll the limitations period. Because Petitioner did not file his first post-conviction appeal until after the close of the statutory window, he is not entitled to statutory tolling as a matter of law.

## C.  No Equitable Tolling

Equitable tolling will only be made available in rare circumstances "lest the exception swallow the rule." *Miranda,* 292 F.3d at 1066. In order to trigger equitable tolling of the statute of limitations for the purpose of filing a habeas petition under AEDPA, Petitioner must meet two criteria: (1) Petitioner must demonstrate that extraordinary circumstances beyond his control made it impossible to file a petition on time, *Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001); and (2) Petitioner must demonstrate that the extraordinary circumstances were the but-for and proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). The burden of proof, therefore, falls on Petitioner to show the extraordinary circumstances exclusion should apply in his case. *Id.* Additionally, attorney misconduct that does not rise above the level of negligence will not count as an "extraordinary circumstance" in a non-capital case sufficient to trigger equitable tolling. *Frye v. Hickman,* 273 F.3d 1144 (9th Cir. 2001).

### 1. Prong One - Attorney Misconduct as an Extraordinary Circumstance

Courts rarely find an attorney's misconduct amounts to an "extraordinary circumstance." If, however, an attorney's actions are sufficiently "egregious and atypical," a court may conclude they

rise to the level of an "extraordinary circumstance" which warrants equitable tolling. *Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir. 2002) (overruled on other grounds by *Pliler v. Ford*, 540 U.S. 1099 (2004)). The conduct must be such that the attorney "violated a basic duty of an attorney to his client.'' *Baldayaque v. United States,* 338 F.3d 145 (2d Cir. 2003) (holding an attorney's repeated lies about the filing of petitions and lies that a court date had been set, were sufficiently "egregious" to warrant equitable tolling); *see also, Spitsyn,* 345 F.3d 796 (9th Cir. 2003) (finding an attorney who was hired specifically to file a habeas petition immediately after conviction, but failed to do so, repeatedly failed to return calls to his client, failed to return case file- despite repeated requests -until after the close of the statute of limitations, and was later reprimanded by the state bar foregoing behavior, amounted to "egregious and atypical" behavior).

In contrast to the foregoing examples, an isolated act of negligence by an attorney will not be deemed "egregious and atypical" by the courts, and will not warrant equitable tolling. *See Frye*, 273 F.3d 1144; *Miranda,* 292 F.3d 1063 (miscalculation of statute of limitations period does not warrant application of equitable tolling). In the present case, Petitioner has not identified anywhere in the record the existence of repeated "egregious and atypical" acts by his attorney which rise to the same level of impropriety as repeatedly lying to a client or failing to perform the job for which the attorney was hired. Although Petitioner contends he repeatedly sought production of his case-file from his attorney, he has failed to attach any documentation to support this claim, thereby failing to meet his requisite burden of proof. *Stillman,* 319 F.3d at 1203. Petitioner cannot show that any extraordinary circumstances prevented the timely filing of his *habeas* petition; thus, his late filed petition is not entitled to equitable tolling.

**2. Prong II: Due Diligence of Petitioner**

Petitioner was sentenced on June 14, 2005 (Lodgment 1 at 60), but did not file his first appeal until September 6, 2006. (Mot. at 1), at which point fifteen-months had elapsed. Petitioner claims that he requested his file from his attorney on March 12, 2006, but that his attorney failed to produce it until August 30, 2006 (Opp. at 4). However, Petitioner fails to provide any documentation or correspondence to support this point. Even assuming Petitioner did request the documents when he claims he did, there still had elapsed nine-months between his conviction and

1  his initial request. Additionally, Petitioner's claim for *habeas corpus* springs from conduct of
2  counsel at trial.  Thus, as the California Court of Appeals noted, "Petitioner was aware of the
3  alleged issue when the Court imposed the sentence."(Lodgment 1 at 65). Further, Petitioner has
4  failed to attach to his filings with the Court any of the documents sought from counsel. Nor has he
5  referenced them in any way, thereby undercutting his claim of alleged necessity. Thus, Petitioner
6  has failed to demonstrate he exercised due diligence in filing his appeal.

### VI.     CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) **GRANTING** Respondent's Motion to Dismiss as set forth herein; and (3) directing that judgment be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

**IT IS ORDERED** that no later than **July 21, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 4, 2009.**  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: June 30, 2009

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court