UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE MATTHEW MORRIS III, | ) | Civil No. 08cv2106 JAH(WMc) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING THE** |
| v. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION [DOC.** |
| MICHAEL SMELOSKY, Warden, | ) | **# 12] AND GRANTING** |
| | ) | **RESPONDENT'S MOTION TO** |
| Respondent. | ) | **DISMISS PETITION AS** |
| _____ | ) | **UNTIMELY [DOC. # 9]** |

## <u>INTRODUCTION</u>

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed, in lieu of an answer, a motion to dismiss the petition as untimely. Pursuant to 28 U.S.C. § 636(b)(1), the Honorable William McCurine, Jr, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court recommending that respondent's motion be granted and the instant petition be dismissed as untimely filed. Objections to the report were due by July 21, 2009, but neither party filed objections. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** the magistrate judge's report in its entirety, **GRANTS** respondent's motion to dismiss, and **DISMISSES** the instant petition as untimely.

//

//

//

## BACKGROUND

On May 2, 2005, petitioner plead guilty to one count of gross vehicular manslaughter in violation of California Penal Code § 191.5 and one count of hit and run with injury in violation of California Vehicle Code § 2001(a).  On June 14, 2005, petitioner was sentenced to fifteen years to life for the gross vehicular manslaughter charge and eight months for the hit and run with injury charge.  Petitioner filed a writ of error *coram nobis* before the California Superior Court on September 6, 2006, which was denied on November 3, 2006.  Petitioner subsequently appealed that decision to the California Court of Appeal, which was denied on June 7, 2007.  On February 6, 2008, petitioner filed a writ of habeas corpus before the California Supreme Court, which was denied on July 16, 2008.

The instant petition was filed on October 8, 2008.  Respondent's motion to dismiss was filed on February 13, 2009.  Petitioner filed an opposition to the motion on April 1, 2009.  The magistrate judge's report was filed on June 30, 2009.   No objections to the report were filed by either party within the time frame allotted for filing such objections.

## DISCUSSION

**1.    Legal Standard**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  Id.  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.  Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*."  Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir.

1   1989) (citing <u>Britt v. Simi Valley Unified Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983)).

2   **2.    Analysis**

3          The Court received no objections to the report and no request for an extension of

4   time in which to file any objections.  As such, the Court assumes the correctness of the

5   magistrate judge's factual findings and adopts them in full.  The Court has conducted a

6   *de novo* review, independently reviewing the report and all relevant papers submitted by

7   both parties, and finds that the report provides a cogent analysis of the issues presented

8   in the motion to dismiss.   Specifically, this Court agrees with the magistrate judge that

9   the instant petition was not filed within the one-year statute of limitations period set forth

10  in 28 U.S.C. § 2254(d).  This Court further agrees that  petitioner is not entitled to either

11  statutory or equitable tolling of the statute of limitations.   Statutory tolling is not

12  applicable under the circumstances here because the record reflects petitioner's first state

13  petition was not filed until after the close of the one-year limitations period.  As to

14  petitioner's equitable tolling argument, that his trial counsel negligently failed to produce

15  his case files in a timely manner, this Court agrees with the magistrate judge that trial

16  counsel's actions as alleged by petitioner were not so "egregious and atypical" such that

17  equitable tolling should be applied.  *See* <u>Miranda v. Castro</u>, 292 F.3d 1063 (9th Cir.

18  2002); <u>Frye v. Hickman</u>, 273 F.3d 1144 (9th Cir. 2001).  In addition, this Court agrees

19  with the magistrate judge that petitioner failed to demonstrate he exercised due diligence

20  in filing his request for post-conviction relief.  Therefore, this Court adopts the magistrate

21  judge's findings and conclusions contained in the report in their entirety.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

## CONCLUSION AND ORDER

2  For the reasons set forth above, **IT IS HEREBY ORDERED** that:

3  1. The findings and conclusions of the magistrate judge presented in the Report

4    and Recommendation [doc. # 12] are **ADOPTED** in their entirety;

5  2. Respondent's motion to dismiss the instant petition [doc. # 9] is

6    **GRANTED;** and

7  3. The instant petition is **DISMISSED with prejudice** as untimely filed.

8

9

10 DATED:  September 22, 2009

11

12       JOHN A. HOUSTON
       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28